FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION          2012 MAR 20  PM 3: 54

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

WILLIE BLASSINGAME,

Plaintiff,

vs.                                    CASE NO.: 3.12-Cv-3045-34JBT

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO.
OF ARIZONA, LLC,

Defendants.

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, Swift Transportation Co. of Arizona, LLC, (hereinafter "Defendant") by and through its undersigned attorneys, hereby files with this Court, pursuant to 28 U.S.C. §1446, a Notice of Removal to this Court of the above-captioned matter from the Fourth Judicial Circuit, Duval County, Florida. In support of the removal of this action, the Defendant states as follows:

1.     The Plaintiff, Willie Blassingame, has filed a civil action in the Circuit Court of Duval County, Florida, Case No. 16-23012-CA-000685, Division CV-E, for injuries arising out of an accident that occurred on Main Street in Jacksonville, Florida on February 20, 2011.

2.     The Defendant removes this action on the basis of diversity jurisdiction pursuant to U.S.C. §1332 and §1441.

3.     The Plaintiff at all relevant times has been a citizen and resident of Jacksonville, Duval County, Florida.

4.     The Defendant, James Leistman, at all relevant times, has been a citizen and resident of Federal Heights, Colorado. Although Defendant Leistman has not yet been served in this action, he was operating the Swift Transportation vehicle in the course and scope of his

employment, he will be defended by the undersigned if and when he is served, and he will consent to this removal.

5.      The Defendant, Swift Transportation Co. of Arizona, LLC, at all relevant times, has been a domiciliary of the State of Arizona, is incorporated in the State of Arizona, and has its principal place of business in the State of Arizona.

6.      The Defendant's first notice of this action occurred on February 22, 2012 when the Complaint was served upon the Defendant Swift Transportation Co. of Arizona, LLC. Pursuant to Plaintiff's pre-suit demand dated December 5, 2011, Plaintiff's counsel indicated that Plaintiff's medical treatment included an emergency room visit the date of the accident, chiropractic treatment with Royce McGowan, D.C., visits with neurologist Mark Emas of Neurology Partners, injections through the Jacksonville Spine Center, and ultimately visits and endoscopic discectomy and discography surgery performed by Dr. Appel of Sea Spine Orthopedics. Exhibit B. Records received to date indicate the Plaintiff's past medical expenses total $49,661.00, which does not include the medical bills pertaining to her visits at Jacksonville Spine Center, Horizon Diagnostic Centers, and Specialty MRI Center. The Plaintiff's demand also indicates the Plaintiff is alleging a loss of earnings. Exhibit A. Plaintiff's counsel not only demanded $300,000.00 in settlement of the Plaintiff's claim, but alleges that the Plaintiff's claim exceeds the amount demanded. Exhibit A.

7.      Defendant filed this Notice of Removal within thirty (30) days of Plaintiff's service of the Summons and Complaint on Defendant Swift Transportation Co. of Arizona, LLC. Therefore, this Notice of Removal is timely.

8.      Pursuant to 28 U.S.C. §1446(d), the Defendant has given written notice of this removal to all parties and has filed a copy of this Notice of Removal in the State Court.  Exhibit B.

9.      The United States District Court for the Middle District of Florida, Jacksonville Division, encompasses the location of the State Court action.  Thus, the Defendant may properly remove the State Court action to this Court pursuant to 28 U.S.C. §1441(a).

10.     Copies of all process, pleadings and Orders are being filed concurrently with this Notice of  Removal as required by 28 U.S.C.§1446(a) and local Rule 4.02 of the Rules of the United States District Court for the Middle District of Florida.  Exhibit C.

11.     Based on the information imparted to Defendant by the Plaintiffs' attorney, the damages claimed by the Plaintiff are greater than $75,000.00 exclusive of interest and costs. Therefore, the District Court has original jurisdiction pursuant to 28 U.S.C. §1332.

12.     Pursuant to 28 U.S.C. §1446(d), the Defendant has served written notice on the Plaintiff of the filing of this Notice of Removal.

13.     Pursuant to the Rules of this Court, the Defendant has submitted herewith a filing fee of $350.00.

        WHEREFORE, the Defendant respectfully requests that this Court accept the removal of this action from State Court.

                                SAALFIELD, SHAD, JAY, STOKES, INCLAN,
                                STOUDEMIRE & STONE, P.A.


                                WILLIAM T. STONE
                                Florida Bar No. 263397
                                DANA A. ISRAEL 0059053
                                245 Riverside Avenue, Suite 400
                                Jacksonville, Florida 32202

Telephone: (904) 355-4401
Facsimile: (904) 355-3503
E-mail: wstone@saalfieldlaw.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to **Megan Searls, Esquire**, Morgan & Morgan, P.A., 76 North Laura Street, Suite 1100, Jacksonville, Florida 32202 by U.S. Mail, this 20 day of March, 2012.

SAALFIELD, SHAD, JAY, STOKES, INCLAN, STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
DANA A. ISRAEL
Florida Bar No. 0059053
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
Attorneys for Defendant

| WILLIE BLASSINGAME 16-2012-CA-000685-XXXX-MA | |
|---|---|
| | Division: CV-E |
| | Clerk File Date: 01/20/2012 |
| Fee's / Fines: $0.00 | |

### Party(s)

| Full Name | Party Type | Sex | Race | DOB | License # | Address | Party Attorney |
|---|---|---|---|---|---|---|---|
| BLASSINGAME, WILLIE | PLAINTIFF | | | | | | Searls, Megan Diane 76 S Laura St Jacksonville FL 322023433 (904)398-2722 |
| LEISTMAN, JAMES B | DEFENDANT | | | | | | |
| Swift Transportation Co. Etc. | DEFENDANT | | | | | | |

### Case Fee(s)

| Effective Date | Description | Amount | Paid | Balance | In Collections |
|---|---|---|---|---|---|
| 01/23/2012 | CIR/GENERALCIVIL 6/1/2011 | $421.00 | $421.00 | $0.00 | |

### Court Event(s)

No Court Events

### Docket(s)

| Image | Effective Date | Count | Description |
|---|---|---|---|
| | 1/20/2012 | | AUTO NEGLIGENCE CASE |
| | 1/23/2012 | | CASE FEES PAID: $421.00 ON RECEIPT NUMBER 1480662 |
| | 1/23/2012 | | SUMMONS ISSUED -JAMES LEISTMAN |
| | 1/23/2012 | | SUMMONS ISSUED -SWIFT TRANSPORTATION CO OF ARIZONA, LLC |
| | 1/24/2012 | | COVER SHEET |
| | 1/24/2012 | | COMPLAINT, SUMMONS ISSUED 2 |
| | 1/24/2012 | | NOTICE OF SERVICE OF INTERROGATORIES |
| | 1/24/2012 | | REQUEST TO PRODUCE TO DEFENDANT JAMES B LEISTMAN (FIRST) |
| | 1/24/2012 | | NOTICE OF SERVICE OF INTERROGATORIES |
| | 1/24/2012 | | REQUEST TO PRODUCE TO DEFENDANT SWIFT TRANSPORTATION CO, ETC |
| | 3/2/2012 | | SUMMONS RETURNED INDICATING SERVICE ON SWIFT TRANSPORTATION CO. OF ARIZONA, LLC 2/22/12 |
| | 3/13/2012 | | NOTICE OF PROPOUNDING INTERROGATORIES |
| | 3/13/2012 | | REQUEST TO PRODUCE |
| | 3/13/2012 | | ANSWER & AFFIRM DEFS/DEFT SWIFT TRANSPORTATION CO OF ARIZONA LLC/ATTY |

**EXHIBIT**

**A**

# MORGAN & MORGAN®
### —— Attorneys At Law ——

SUITE 1100
— · · AURA STREET

**KELLIE NORTON**

DEC 0 6 2011

P's

demand –

12|5|11

Please bill for...

December 5, 2011

<u>VIA FEDERAL EXPRE</u>

(1321793)
Mohave Transportatio
Attn: Anne Rowell
2200 S. 75th Avenue
Phoenix, AZ 85038-

RE:    Our Client:
       Your Insured: _
       Date/Loss:    2/28/2011
       Claim:        1110228050249

Dear Ms. Rowell:

As you are aware, we represent Willie James Blassingame, Jr. for an accident involving your insured, Swift Trucking, on February 28, 2011. I am enclosing a copy of the accident report for your review. As you can see from the officer's investigation, your insured was clearly at fault and we are viewing this as a case of one hundred percent (100%) liability on the part of your insured.

Following the accident, Mr. Blassingame presented to Baptist Hospital. When his pain did not subside, he followed up with Dr. Royce McGowan. Mr. McGowan referred Mr. Blassingame to Dr. Emas for additional testing. Due to the severity of the MRI results, Mr. Blassingame was referred to Joint Spine Center for injections. Ulitmatley, Mr. Blassingame was referred to Sea Spine Orthopedics where he underwent an endoscopic discectomy and discography of L5-S1. I am enclosing a copy of those records for your review.

At this writing, it appears our client has reached maximum medical improvement and is in a position to begin settlement negotiations. Rather than enumerating the complaints that are currently present and listing the objective findings, I will simply allow you to review the enclosed reports.

The medical bills and loss of earnings resulting from your insured's negligence in this accident have placed a great financial burden on our client. In an attempt to alleviate this financial hardship on our client, we encourage settlement at this time.

Taking into consideration the clear liability on the part of your insured, the pain and suffering that has been endured by our client, as well as the pain and suffering that he will endure and suffer in the future and the effect of these injuries on his lifestyle and that of his family, we feel this case has a reasonable settlement value in excess of your policy limits of $300,000.00, for which we hereby demand.

Once you have reviewed your file, please contact my office and speak to my Paralegal, Sonya Corse, who

December 5, 2011
Page 2

will be assisting me with this case. Should you have any questions regarding our client's claim or the material we have provided in this package or if you need anything in addition to what is enclosed, please contact our office immediately. Otherwise, we look forward to hearing from you no later than Monday December 19, 2011 by 12:00 p.m.

Sincerely,

Megan Searls

MDS/slc/slc
Enclosures

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-000685
DIVISION:   CV-E

WILLIE BLASSINGAME,

        Plaintiff,

vs.

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

        Defendants.

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant, Swift Transportation Co. of Arizona, LLC, by and through its undersigned

attorneys, and pursuant to 28 U.S.C. §1332, §1441, and §1446, hereby give notice that it has this

date filed with the U.S. District Clerk of the Court for the Middle District of Florida,

Jacksonville Division, the attached Notice of Removal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to
**Megan Searls, Esquire**, Morgan & Morgan, P.A., 76 North Laura Street, Suite 1100,
Jacksonville, Florida 32202 by U.S. Mail, this 20th day of March, 2012.

SAALFIELD, SHAD, JAY, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
Attorneys for Defendant


EXHIBIT
B

## FORM 1.997.   CIVIL COVER SHEET

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form shall be filed by the Plaintiff or Petitioner for the use of the Clerk of the Court for the purposes of reporting judicial workload data pursuant to Florida Statutes section 25.075 (See Instructions for completion.)

5- 2012 -CA- 0 0 0 6 8 5        -XXXX-MA

**I.      CASE STYLE**

WILLIE BLASSINGAME

       Plaintiff,

vs.

JAMES B LEISTMAN and
SWIFT TRANSPORTATION CO OF ARIZONA, LLC,

       Defendants.

Name of Court: Circuit Civil

Case No.: _____

Judge: _____ DIVISION CV-E

**II.      TYPE OF CASE**   (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a sub-category (is indented under a broader category), place an X in both the main category and the subcategory boxes.

__ Condominium
__ Contracts and indebtedness
__ Eminent domain
_X_ Auto negligence
__ Negligence – other
    __ Business governance
    __ Business torts
    __ Environmental/Toxic tort
    __ Third party indemnification
    __ Construction defect
    __ Mass tort
    __ Negligent security
    __ Nursing home negligence
    __ Premises liability – commercial
    __ Premises liability – residential
__ Products liability
__ Real property/Mortgage foreclosure
    __ Commercial foreclosure
        $0 - $50,000
    __ Commercial foreclosure
        $50,001 - $249,999
    __ Commercial foreclosure
        $250,000 or more
__ Constitutional challenge – proposed amendment
__ Corporate trusts
__ Discrimination – employment or other
__ Insurance claims
__ Intellectual property

__ Homestead residential foreclosures $0 - $50,000
__ Homestead residential foreclosures $50,001 - $249,999
__ Homestead residential foreclosure $250,000 or more
__ Non-homestead residential foreclosure
    $0 - $50,000
__ Non-homestead residential foreclosure
    $50,001 - $249,999
__ Non-homestead residential foreclosure
    $250,000 or more
__ Other real property actions $0 - $50,000
__ Other real property actions $50,001 - $249,999
__ Other real property actions $250,000 or more
__ Professional malpractice
    __ Malpractice – business
    __ Malpractice – medical
    __ Malpractice – other professional
__ Other
    __ Antitrust/Trade regulation
    __ Business transactions
    __ Constitutional challenge – statute or ordinance
    __ Constitutional challenge – proposed amendment
__ Libel/Slander
__ Shareholder derivative action
__ Securities litigation
__ Trade secrets
__ Trust litigation





FILED

JAN 2 0 2012

CLERK CIRCUIT COURT

III    **REMEDIES SOUGHT** (check all that apply)

XX monetary;
__ non-monetary declaratory or injunctive relief;
__ punitive

IV.    **NUMBER OF CAUSES OF ACTION** ( )

Specify:

V.    **IS THIS CASE A CLASS ACTION LAWSUIT?**

__ Yes
XX No

VI:    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

XX No
__ Yes
If "yes," list all related cases by name, case number and Court.

VII.    **IS JURY TRIAL DEMANDED IN COMPLAINT?**

XX Yes
__ No

I HEREBY CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature: _____    FL Bar No.: 0794341 _____

Megan D. Searls, Esq. _____    Date: 1-17-12

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

WILLIE BLASSINGAME,

     Plaintiff,

vs.

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

     Defendants.

_____/



16- 2012-CA- 0 0 0 6 8 5    -XXXX

DIVISION CV-F.

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories and Request for Production in the above-styled cause upon the Defendant:

**SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**
**C/O NATIONAL REGISTERED AGENTS INC., REGISTERED AGENT**
**638 N 5th Avenue**
**Phoenix, AZ 85003**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Megan D. Searls, Esquire, Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, within twenty (20) days after service of this Summons upon you,** exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration, 330 E. Bay St., Rm. 220, Jacksonville, FL 32202 at 904/630-2564 no later than 5 business days prior to the proceeding. If hearing impaired, please contact (TDD) 1-800-955-8771 or Voice (V) 1-800-955-8770 via Florida Relay Service.

WITNESS my hand and seal of this Court on this _____ day of _____ **JAN 2 3 2012** ·



Clerk of the Circuit Court   **JIM FULLER**

By_____

    As Deputy Clerk

IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA

Willie Blassingame

        Plaintiff(s)/Petitioner(s),

v.

James B Leistman, et al.

        Defendant(s)/Respondent(s)

NO. 2012-CA-000685-XXXX-MA

**FILED**

MAR 02 2012

CLERK CIRCUIT COURT

AFFIDAVIT OF SERVICE OF PROCESS

*CVE*

I __Chona Fe Young__ Being duly sworn, depose and say that I am fully qualified under state law to serve process within the jurisdiction where the documents were served, and executed service in the manner described below:

<u>Documents Served:</u> **Summons; Complaint; Notice of Service of Interrogatories; First Request to Produce to Defendant Swift Transportation Co. of Arizona, LLC.**

<u>Service Upon:</u> Swift Transportation Co. of Arizona, LLC

<u>Date of Service:</u> February 22nd, 2012      <u>Time Of Service:</u> 10:43 AM

**Address of Service: 300 W CLARENDON AVE #230 , PHOENIX, AZ 85013**

**Manner of Service:**

☐ By serving _____ in person.

☐ Substitute, by serving _____, a person of suitable age & discretion who resides with _____ at the address of service.

☑ By personally serving **Valerie Whitfield of National Registered Agent** who holds the position of **Registered Agent.**

☐ Other Service, As Detailed Below.

☐ Non-Service for the Reasons Detailed Below.

_____

_____

_____

I certify under penalty of perjury that the foregoing is true and correct.

x __Chyoungs__
Declarant Print Name __Chona Fe Young__
Registered in __maricopa__ County

Subscribed and Sworn to before me this __23__ day of __February__ 2012.

_____ Notary Public

SKYE R. VASCONCELLOS
Notary Public - Arizona
Maricopa County
Expires on 11/30/2014

## IMPORTANTE

Usted ha sido demandado legalmente.  Tiene veinte (20) dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera; si usted desea que el tribunal considere su defensa, debe presentar su repuesta por escrito, incluyendo el numero del caso y los numbres de las partes interesadas en dicho caso.  Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal.  Existen otros requisitos legales.  Si lo desea, puede usted consultar a un abogado immediatamente.  Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su centa, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted inviar por correo o entregar una copia de su respuesta a la persona denuminada abajo como "Plaintiff/Plaintiff's Attorney."  (Demandate o Abogado del Demanadante).

"De acuerdo con el Acto o' Decreto de los Americanos con Impedimentos Inhabilitados, personas en necesidad del servicio especial para particpar en estee procedimiento deberan, dentro de un tiempo razonable, antes de cualquier procedimiento, ponerse en un tiempo razonable, antes de cualquier procedimiento, ponerse en contacto con la oficina Administrativa de la Corte, Telefono (TDD) 1-800-955-8771 o Voice (V) 1-800-955-8770, via Florida Relay Service"

## IMPORTANT

Des poursuites judiciaries ont ete entreprises contre vous.  Vous avez 20 jours consecutifs a partir de la date de l'assignation de cet'te citation pour deposer une response ecrite a la plainte ci-jointe aupres de ce Tribunal.  Un simple coup de telephone est insuffisant pour vous proteger' vous etes oblige de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le Tribunal entende votre cause.  Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du Tribunal.  Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.  Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une response ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir une copie au carbone ou une photocopie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

En accordance avec la Loi des "Americans With Disabilities".  Les personnes en besoin d'une accomodation speciale pour participer a ces procedures doivent, dans un temps raisonable, avant d'entreprendre aucune autre demarche, contracter l'office administrative de la Court situe au le telephone ou (TDD) 1-800-955-8771 ou Voice (V) 1-800-955-8770, via Florida Relay Service.

**MORGAN & MORGAN, P.A.**
**Megan D. Searls, Esquire**
**76 South Laura Street, Suite 1100**
**Jacksonville, Florida  32202**
**(904) 398-2722**

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION: 2012-CA-000685                ·XXXX-MA

WILLIE BLASSINGAME,

      **Plaintiff,**

vs.                                     # DIVISION CV-E

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

      **Defendants.**

_____/

**FILED**

**JAN 2 0 2012**

CLERK CIRCUIT COURT

## FIRST REQUEST TO PRODUCE TO DEFENDANT JAMES B. LEISTMAN

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, **WILLIE**

**BLASSINGAME,** by and through her undersigned counsel, requests that Defendant, **JAMES B.**

**LEISTMAN,** produce for inspection or copying the documents set forth below.  Defendant shall

produce these documents at 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202 within

forty-five (45) days after service of this Request to Produce.

### I. Definitions

As used throughout this Request to Produce, the following terms are defined as follows:

A.    "Document" is used in the broad sense and means any tangible object or thing that
contains, conveys, or records information. Production is required of the <u>original</u>, or
any copy if the original is not available, of any book, record, minutes of meetings,
reports and/or summaries of interviews, reports and/or summaries of investigations;
opinions or reports of consultants; opinions of counsel; communications of any
nature, including internal company communications, memoranda, telegrams, telexes,
letters, notes of telephone conferences, agreements, reports or summaries of
negotiations, brochures, pamphlets, advertisements, circulares, trade letters, press
releases, drafts and revisions of drafts of documents, any written, printed, typed or
other graphic matter of any king or nature, drawings, photographs, paper,
communication, chart, tap, disk, card, wire or other electronic or mechanical
recording or transcript or any other instrument or device from which information can

be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

"Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

B.   "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

C.   "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

D.   "Statement" means (1) any written statement made by any person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

E.   As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

F.   As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin

2

of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.  Description sufficient to identify.

2.  The date(s).

3.  The subject matter(s).

4.  The sender(s) or author(s).

5.  The recipient(s).

6.  The persons to whom copies were furnished, together with their job titles.

7.  The present depository or person having custody of the document.

8.  The nature and basis of privilege or immunity claimed.

9.  The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III.  Grouping or Numbering of Items Produced

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

## IV.  Place, time, and manner of response

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce and shall be made at the offices of Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, or at such other place as the parties may agree. Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

WILLIE BLASSINGAME,
      .b· 2012·CA· 0 0 0 b 8 5     ·XXXX·MA

     Plaintiff,

vs.

                                       DIVISION CV-E

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

     Defendants.
_____/

## NOTICE OF SERVICE OF INTERROGATORIES

     COMES NOW the Plaintiff, **WILLIE BLASSINGAME**, by and through the undersigned

counsel and hereby propounds upon Defendant, **JAMES B. LEISTMAN**, and pursuant to Rule

1.340, Florida Rules of Civil Procedure, the attached interrogatories, answers to which will be due

within forty-five (45) days from the date of service hereof.

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S.

Mail/Hand Delivery this, the same date of service as that of the Summons and Complaint.

MEGAN D. SEARLS, ESQ.
FBN 0794341
Morgan & Morgan, P.A.
76 South Laura Street, Suite 1100
Jacksonville, FL 32202
Telephone:    (904) 398-2722
Facsimile:    (904) 398-2334
Attorneys for Plaintiff

FILED

JAN 2 0 2012

CLERK CIRCUIT COURT

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:   16- 2012-CA-000685        -XXXX-

WILLIE BLASSINGAME,

      Plaintiff,

vs.

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

      Defendants.

_____/

**DIVISION CV-E**

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories and Request for Production in the above-styled cause upon the Defendant:

**JAMES B. LEISTMAN**
**2370 W 92nd Avenue (170)**
**Federal Heights, Colorado 80260**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Megan D. Searls, Esquire, Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, within twenty (20) days after service of this Summons upon you,** exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration, 330 E. Bay St., Rm. 220, Jacksonville, FL 32202 at 904/630-2564 no later than 5 business days prior to the proceeding. If hearing impaired, please contact (TDD) 1-800-955-8771 or Voice (V) 1-800-955-8770 via Florida Relay Service.

WITNESS my hand and seal of this Court on this _____ day of __JAN 23 2012__,

Clerk of the Circuit Court    JIM FULLER

By _____
    As Deputy Clerk

DIVISION CV-E

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.: 2012-CA-000685        -XXXX-MA
DIVISION:

WILLIE BLASSINGAME,

      Plaintiff,

vs.

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

      Defendants.

_____/



## FIRST REQUEST TO PRODUCE TO DEFENDANT
## SWIFT TRANSPORTATION CO. OF ARIZONA, LLC

Pursuant to Rule 1.350, Florida Rules of Civil Procedure, Plaintiff, **WILLIE
BLASSINGAME**, by and through her undersigned counsel, requests that Defendant, **SWIFT
TRANSPORTATION CO. OF ARIZONA, LLC**, produce for inspection or copying the
documents set forth below. Defendant shall produce these documents at 76 South Laura Street,
Suite 1100, Jacksonville, Florida 32202 within forty-five (45) days after service of this Request to
Produce.

### I. Definitions

As used throughout this Request to Produce, the following terms are defined as follows:

A.   "Document" is used in the broad sense and means any tangible object or thing that
contains, conveys, or records information. Production is required of the <u>original</u>, or
any copy if the original is not available, of any book, record, minutes of meetings,
reports and/or summaries of interviews, reports and/or summaries of investigations;
opinions or reports of consultants; opinions of counsel; communications of any
nature, including internal company communications, memoranda, telegrams, telexes,
letters, notes of telephone conferences, agreements, reports or summaries of
negotiations, brochures, pamphlets, advertisements, circulares, trade letters, press
releases, drafts and revisions of drafts of documents, any written, printed, typed or

other graphic matter of any king or nature, drawings, photographs, paper, communication, chart, tap, disk, card, wire or other electronic or mechanical recording or transcript or any other instrument or device from which information can be perceived, in the employees or agents, or known by Plaintiff to exist, unless otherwise privileged.

"Document" also includes copies containing information <u>in addition to that contained on the original</u> (such as notations, computations, attachments, etc.), and shall include all copies of documents by whatever means made and whether or not claimed to be privileged or otherwise excludable from discovery. To the extent that a request that a request calls for the production of multiple identical documents or things, only one copy of each such identical documents or things need be produced. Two copies are not identical if one of the copies has any information, writing, printing, or other marks not present on the other of the copies.

If any tape, disk, card, wire, or other electronic or mechanical recording or transcript or any computer program is produced, such documents as are necessity for the decoding, putting back, printing out and/or interpretation thereof, and any other documents which are necessity to convert such information into a useful and necessity to convert such information into a useful and usable format shall also be produced, in order to make this request under Rule 1.350 meaningful and genuine.

B.    "Person" means any natural person, public or private corporation (whether or not organized for profit), partnership, unincorporated association, governmental agency or body, or other legal entity.

C.    "Company" means any business or governmental entity to which this request is addressed and includes all of its affiliated, subsidiaries, parents, divisions, successors in interest, and predecessors as well as all of its directors, officers, principals, partners, employees, agents, representatives, attorneys, any other persons working for or on behalf thereof, whether temporary or permanent, and any "person" in which Plaintiff has acquired an interest.

D.    "Statement" means (1) any written statement made by any person and signed or otherwise adopted or approved by him; or (2) any stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by that person and recorded contemporaneously with the making of such oral statement.

E.    As may be used in these Request "and" is conjunctive (meaning, e.g., A <u>and</u> B); and "or" is disjunctive and inclusive (meaning, e.g., A or B, or both). No answer should be withheld, or limited, because it refers or relates to only one, or to more than one, item in a request.

F.    As may be used in this Request to Produce, the terms "trademark" and "service mark" shall be considered interchangeable, and the term "mark" shall be considered

to refer to any trademark, service mark, trade name, or business designation, or any other word, symbol, design, logo, title, or slogan used to identify the source of origin of products or services. References to 'products" or "goods" shall be considered to include services.

## II. Claim of Privilege

If any document or statement is withheld from this request under a claim of privilege, then please furnish a list which identifies each document or statement for which privilege is claimed and include the following information for each such document:

1.   Description sufficient to identify.

2.   The date(s).

3.   The subject matter(s).

4.   The sender(s) or author(s).

5.   The recipient(s).

6.   The persons to whom copies were furnished, together with their job titles.

7.   The present depository or person having custody of the document.

8.   The nature and basis of privilege or immunity claimed.

9.   The paragraph(s) of this request to which each such document or statement relates or corresponds.

## III.   Grouping or Numbering of Items Produced

Pursuant to Fla. R. Civ. P. 1.350, it is requested that the document or other items submitted in response to this Request to Produce be organized and labeled according to the individual paragraphs of the request to which they are responsive, and within each group, arranged in chronological order.

## IV.   Place, time, and manner of response

A response to this Request to Produce is due within forty-five (45) days after service of this Request to Produce and shall be made at the offices of Morgan & Morgan, P.A., 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, or at such other place as the parties may agree. Authentic copies of document may be supplied, provided that existing originals are available for inspection, examination, and comparison.

3

## DEFENDANT SWIFT TRANSPORTATION CO. OF ARIZONA, LLC, SHALL PRODUCE THE FOLLOWING ITEMS AND MATTERS:

1.    All statements made by any occupants of the vehicles involved in the subject incident.

2.    All statements made by any witnesses to the subject accident.

3.    All statements made by the Plaintiff pertaining to or concerning the subject matter.

4.    All photographs of the vehicles involved in the subject accident *.

5.    All photographs of the Plaintiff depicting injuries received in the subject accident.*

6.    All photographs of the subject accident scene.*

7.    Any and all policies of liability insurance in effect on the date of the subject accident, providing coverage to the defendant herein.

8.    Appraisals of all property damage sustained by Defendant's vehicle in the subject accident.

9.    Appraisals of the property damage sustained by Plaintiff's car in the subject accident.

10.   A copy of any and all surveillance films, photos, or depictions taken of the Plaintiff as a result of the subject accident.

11.   A copy of any and all insurance agreements, insurance policies or agreements of any kind or nature under which any person or company carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse any payments made to satisfy any such judgment or settlement, including but not limited to a certified copy of the declarations sheet as to each such policy.

4

**I HEREBY CERTIFY** that a true copy of the foregoing has been furnished to the

Defendant, together with the Summons and Complaint.

MORGAN & MORGAN, P.A.

*Megan Searls*

Megan D. Searls, Esquire
Florida Bar No. 0794341
76 South Laura Street, Suite 1100
Jacksonville, Florida 32202
Telephone / (904) 398-2722
Facsimile / (904) 398-2334
Attorneys for Plaintiff

*Plaintiff will pay for cost of colored reproduction.

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:    16- 2012-CA- 0 0 0 6 8 5          -X

**WILLIE BLASSINGAME,**

     **Plaintiff,**

**vs.**

# DIVISION CV-E

**JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,**

     **Defendants.**



FILED

JAN 2 0 2012

CLERK CIRCUIT COURT

_____/

## NOTICE OF SERVICE OF INTERROGATORIES

TO:   **SWIFT TRANSPORTATION CO. OF ARIZONA, LLC**

     COMES NOW the Plaintiff, **WILLIE BLASSINGAME,** by and through the undersigned

counsel and hereby propounds upon Defendant, **SWIFT TRANSPORTATION CO. OF**

**ARIZONA, LLC,** and pursuant to Rule 1.340, Florida Rules of Civil Procedure, the attached

interrogatories, answers to which will be due within forty-five (45) days from the date of service

hereof.

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by U. S.

Mail/Hand Delivery this, the same date of service as that of the Summons and Complaint.

                                     _____
                                     MEGAN D. SEARLS, ESQUIRE
                                     FBN: 0974341
                                     Morgan & Morgan, P.A.
                                     76 South Laura Street, Suite 1100
                                     Jacksonville, FL 32202
                                     Telephone Phone: (904) 398-2722
                                     Facsimile: (904) 398-2334
                                     Attorneys for Plaintiff

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-000685
DIVISION:   CV-E

WILLIE BLASSINGAME,

        Plaintiff,

vs.

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

        Defendants.

**FILED**

MAR 1 3 2012

*Jim Fuller*

CLERK CIRCUIT COURT

---

## REQUEST FOR PRODUCTION OF DOCUMENTS

TO:    Willie Blassingame
       Megan Searls, Esquire
       Morgan & Morgan, P.A.
       76 North Laura Street, Suite 1100
       Jacksonville, Florida 32202
       Attorney for Plaintiff

Defendant Swift Transportation Co. of Arizona, LLC requests that Plaintiff Willie

Blassingame produce for inspection, copying or photographing at the offices of Saalfield, Shad,

P.A., 245 Riverside Avenue, Suite 400, Jacksonville, Florida 32202, on or before thirty (30)

days from the date of these requests, the following documents:

      1.    All medical and hospital bills including prescription bills incurred to date.

      2.    All claim forms or medical reports submitted on your behalf under medical

payments or personal injury protection of any insurance policy.

3.    All other bills, statements and/or estimates which plaintiff claim to be related or and caused by the incident described in the complaint.

4.    Income tax returns for the five years before the accident to the present, including all attachments (W-2s, W-4s, 1099s, etc.), (If you do not have your income tax returns, please execute the attached IRS release and Request for Social Security Earnings Information).

5.    All medical reports, opinions or other written documents from doctors, nurses, and other medical practitioners, or other expert witnesses containing information concerning the injuries sustained by plaintiff in the incident referred to in the complaint.

6.    All hospital records for hospitalization which resulted from the incident referred to in the complaint.

7.    Copy of all written or transcribed statements made or given by defendants and/or any employees of defendants relating or pertaining to the incident referred to in the complaint.

8.    Copy of the insurance policy which affords coverage for the incident referred to in the complaint.

9.    All records (including, but not limited to, insurance policies, applications, claim forms, correspondence and notices of benefits paid or denied) of collateral source benefits, personal injury protection benefits, workers compensation benefits, and unemployment compensation benefits applied for or received by you after the accident alleged in the complaint.

10.    Photographs taken of the plaintiff following the incident referred to in the complaint purporting to show injuries sustained by the plaintiff and photographs taken of the accident scene or, if applicable, the vehicles or equipment involved in the incident.

11.    Copy of any and all records which you maintain support any claim for any lost wages.

12.    Regarding any lost wages or lost earning capacity, all notes, memos, ledger sheets, time records, wage records or writings of any kind showing any jobs since this incident

that you have not been able to obtain or fulfill because of this incident, and any other writings of any kind whatsoever which in anyway pertain to any lost wages or lost earning capacity.

13.     Any items of physical evidence, including any objects, substances, diagrams, measurements, plans, blueprints, documents, letters, or any other tangible items obtained which relate to the incident described in the complaint.

14.     If you have applied for social security disability, please identify at which office your applied and execute the attached social security release.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to **Megan Searls, Esquire**, Morgan & Morgan, P.A., 76 North Laura Street, Suite 1100, Jacksonville, Florida 32202 by U.S. Mail, this 12 day of March, 2012.

SAALFIELD, SHAD, JAY, STOKES, INCLAN, STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
Attorneys for Defendant

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

WILLIE BLASSINGAME,

      Plaintiff,

vs.

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

      Defendants.

_____/

16- 2012-CA- 0 0 0 6 8 5    -XXXX

DIVISION CV-F

## SUMMONS

THE STATE OF FLORIDA:

To all and singular sheriffs of said state:

YOU ARE HEREBY COMMANDED to serve this Summons and a copy of the Complaint or Petition, Interrogatories and Request for Production in the above-styled cause upon the Defendant:

**SWIFT TRANSPORTATION CO. OF ARIZONA, LLC
C/O NATIONAL REGISTERED AGENTS INC., REGISTERED AGENT
638 N 5th Avenue
Phoenix, AZ 85003**

Each Defendant is hereby required to serve written defenses to said Complaint or Petition on **Megan D. Searls, Esquire, Morgan & Morgan, P.A.,** 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, Telephone (904) 398-2722, within twenty (20) days after service of this Summons upon you, exclusive of the day of service, and to file the original of said written defenses with the Clerk of said Court either before service on Plaintiff's attorney or immediately thereafter. If you fail to do so, a default will be entered against you for the relief demanded in the Complaint or Petition.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Court Administration, 330 E. Bay St., Rm. 220, Jacksonville, FL 32202 at 904/630-2564 no later than 5 business days prior to the proceeding. If hearing impaired, please contact (TDD) 1-800-955-8771 or Voice (V) 1-800-955-8770 via Florida Relay Service.

WITNESS my hand and seal of this Court on this _____ day of _____ **JAN 2 3 2012**.

Clerk of the Circuit Court    **JIM FULLER**

By_____
As Deputy Clerk



IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:   16-2012-CA-000685
DIVISION:   CV-E

WILLIE BLASSINGAME,

       Plaintiff,

vs.

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

       Defendants.

## DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

Defendant, Swift Transportation Co. of Arizona, LLC, by and through its undersigned

attorneys, and pursuant to 28 U.S.C. §1332, §1441, and §1446, hereby give notice that it has this

date filed with the U.S. District Clerk of the Court for the Middle District of Florida,

Jacksonville Division, the attached Notice of Removal.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to
**Megan Searls, Esquire,** Morgan & Morgan, P.A., 76 North Laura Street, Suite 1100,
Jacksonville, Florida 32202 by U.S. Mail, this 20th day of March, 2012.

SAALFIELD, SHAD, JAY, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
Attorneys for Defendant

IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:  16-2012-CA-000685
DIVISION:  CV-E

WILLIE BLASSINGAME,

       Plaintiff,

vs.

JAMES B. LEISTMAN and
SWIFT TRANSPORTATION CO. OF ARIZONA, LLC,

       Defendants.

```
┌─────────────────────────┐
│      FILED              │
│                         │
│     MAR 13 2012         │
│                         │
│   CLERK CIRCUIT COURT   │
└─────────────────────────┘
```

---

## NOTICE OF PROPOUNDING INTERROGATORIES
## AND INTERROGATORIES

TO:    Willie Blassingame
        Megan Searls, Esquire
        Morgan & Morgan, P.A.
        76 North Laura Street, Suite 1100
        Jacksonville, Florida 32202
        Attorney for Plaintiff

Please take notice that, in accordance with the applicable Florida Rules of Civil

Procedure, you are required within the time provided for by these rules to answer under oath and

in writing the original interrogatories which are attached and numbered 1 through 24.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to

**Megan Searls, Esquire**, Morgan & Morgan, P.A., 76 North Laura Street, Suite 1100,

Jacksonville, Florida 32202 by U.S. Mail, this $\underline{13}$ day of March, 2012.

SAALFIELD, SHAD, JAY, STOKES, INCLAN,
STOUDEMIRE & STONE, P.A.

WILLIAM T. STONE
Florida Bar No. 263397
245 Riverside Avenue, Suite 400
Jacksonville, Florida 32202
Telephone: (904) 355-4401
Facsimile: (904) 355-3503
Attorneys for Defendant